**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GUANGLI ZHANG,** | ) |
| *Plaintiff*, | ) |
| **v.** | ) |
| | )       **Case No. 1:26-cv-01689-JEB** |
| **LEKESIA LAVETTE DIXON, ET AL.,** | ) |
| *Defendants*. | ) |

<u>**DEFENDANT SEEDTRUST ESCROW'S MOTION TO DISMISS**</u>

Defendant SeedTrust Escrow, LLC ("SeedTrust Escrow" or "SeedTrust"), by and through undersigned counsel, respectfully requests that this Honorable Court dismiss the Complaint filed by Plaintiff Guangli Zhang, for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim. In support of this Motion, we submit the attached Memorandum of Points and Authorities, which is incorporated in full.

Respectfully submitted,

*/s/ Amy C. Collins*
Amy C. Collins
D.C. Bar No. 1708316
William P. McGrath, Jr.
D.C. Bar No. 422160
Kalbian Hagerty LLP
888 17th Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 223-5600
acollins@kalbianhagerty.com
wmcgrath@kalbianhagerty.com
*Counsel for SeedTrust Escrow, LLC*

1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GUANGLI ZHANG, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| LEKESIA LAVETTE DIXON, ET AL., | ) |
| *Defendants*. | ) |

Case No. 1:26-cv-01689-JEB

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SEEDTRUST ESCROW'S MOTION TO DISMISS THE COMPLAINT

Defendant SeedTrust Escrow, LLC ("SeedTrust Escrow" or "SeedTrust"), respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint. This Honorable Court should dismiss Plaintiff's Complaint against SeedTrust Escrow for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim.

### BACKGROUND

1.      On August 26, 2023, Plaintiff executed a contract with SeedTrust Escrow (located in Florida) for escrow services provided in relation to a gestational surrogacy agreement. *See* Exhibit A [Declaration of Jennifer Via] at ¶ 1; Exhibit B [Earnest Money Escrow Agreement]. At the time of the contract's execution, Plaintiff provided a copy of his license, which identified Plaintiff as living in New York. *See* Exhibit A [Declaration of Jennifer Via] at ¶ 1; Exhibit C1 [Copy of New York Driver's License Provided to SeedTrust].

2.      On December 5, 2023, the above-mentioned gestational surrogacy agreement was entered between Plaintiff, Tiny Sprouts (located in California), and the surrogate, Lekesia Lavette Dixon (residing in Texas). *See* ECF No. 8 at 2-47; *see also* ECF No. 4-1 at 53-61. When entering

the agreement, Plaintiff identified himself as living in New York and the agreement was signed and notarized in New York. *See* ECF No. 8 at 2, 47.

3.      In early November 2024, two children were born via surrogate (Ms. Dixon) in Texas. *See* ECF No. 4-1 at 14-15.

4.      Plaintiff moved his two surrogate children to New York to live with him thereafter. *See, e.g.*, *Zhang v. Hotel Fortune*, Civil No. 25-cv-002016 (D.D.C.), ECF. No. 39 at 15.

5.      On or about January 3, 2025, Plaintiff's surrogate children were removed from his custody by New York's Department of Family Services. The children have not been returned to his custody ever since.[1]

6.      On November 17, 2025, Plaintiff filed a Complaint against SeedTrust, Tiny Sprouts, and Ms. Dixon in the Small Claims & Conciliation Branch of the Superior Court for the District of Columbia, in *Zhang v. Dixon, et al.*, No. 2025-SCB-002137 (the "Superior Court Action"). *See* Exhibit E. The Complaint alleged a claim related to a breach of a negotiable instrument and various violations of federal criminal law. *See id.*

7.      On January 15, 2026, SeedTrust filed a motion to dismiss the Superior Court Action on personal jurisdiction and failure to state a claim grounds.[2] *See* Exhibit F1 [Motion to Dismiss D.C. District Court Case, without Exhibits].

---

[1] Among other things, Mr. Zhang acknowledged in his April 1, 2026 Complaint in *Zhang, et al. v. Yanchun Bao, et al.*, No. 26-cv-1108-APM (D.D.C.), that the children were removed from his custody on January 3, 2025, that between approximately January 2025 to at least March 1, 2026 the children received what appears to be New York state healthcare coverage (e.g., Molina Healthcare of New York), that one of the children received care at Long Island Jewish Medical Center in New York from December 21-22, 2025, that Mr. Zhang went to Long Island Jewish Medical Center on February 18, 2026 and February 24, 2026 but was expelled from the premises on the grounds that he was not a legal guardian, and that Mr. Zhang's address as of April 1, 2026 is P.O. Box 1119, Washington, D.C., which is not a physical address. *See, e.g.*, ECF No. 1 at 9-11; ECF No. 1-1 at 1. In his Notice of Appeal in *Zhang v. Hotel Fortune*, No. 1:25-cv-02016 (D.D.C.), Mr. Zhang also asserts, *inter alia*, that he was living in New York in January 2025, and that the last time he saw his surrogate children was February 24, 2025, in New York. *See* ECF No. 49 at 28, 38.

[2] We also noted in our motion that the court did not have subject matter jurisdiction over Plaintiff's federal criminal law claims. *See* Exhibit F1 [Motion to Dismiss D.C. District Court Case, without Exhibits] at 5 n.2.

8. On March 3, 2026, Plaintiff filed a Praecipe requesting a trial by jury in the D.C. Superior Court action. *See* Exhibit H [D.C. Superior Court Docket]. That same day, SeedTrust filed a Motion to Strike the jury demand, arguing that as untimely and barred under the Agreement between Plaintiff and SeedTrust. *See* Exhibit H.

9. On March 10, 2026, the Superior Court granted SeedTrust's Motion to Strike, thereby denying Plaintiff's request for a jury, concluding that Plaintiff waived his right to a jury trial in the agreement with SeedTrust, and that his request was untimely.[3] *See* Exhibit G [March 10, 2026 Order].

10. On May 14, 2026, after a motions hearing, the Superior Court granted SeedTrust's Motion to Dismiss for lack of personal jurisdiction, and, alternatively, failure to state a claim grounds.[4] The court explained that personal jurisdiction did not exist under D.C. statute(s) and that it would be contrary to due process concerns to exercise personal jurisdiction. The court also explained that, even if Plaintiff raised a breach of contract claim, there would still be no personal jurisdiction. After the court rendered its oral ruling and explained the timeline for Plaintiff to appeal the court's decision, Plaintiff commented that he did not intend to appeal the court's decision and would instead sue in federal court. Plaintiff did not appeal the court's decision, and the appeal deadline has passed. *See* Exhibit H [D.C. Superior Court Docket].

11. On May 18, 2026, Plaintiff filed his Complaint in the instant action against SeedTrust, Tiny Sprouts, Ms. Dixon, Bridget deZeeuw (located in California), Casey A. Leamon, MD (located in Texas), and Ascension Providence Hospital (located in Texas). *See* ECF No. 1.

---

[3] The court also ruled in favor of SeedTrust on another motion to strike, which related to a filing in which Plaintiff attempted to amend his complaint. *See* Exhibit G [March 10, 2026 Order].

[4] The court also concluded that, to the extent SeedTrust raised a subject matter jurisdiction argument as to Plaintiff's claims under federal criminal law, this was another basis for dismissal. This aspect of the court's determination is not reflected in the court's written opinion. It is, however, acknowledged in Plaintiff's Complaint. *See* ECF No. 1 at 10.

12.     Plaintiff's claim against SeedTrust Escrow is limited to SeedTrust's alleged "fail[ure] to verify the authenticity of the receipts" relating to the birth of the two surrogate children, despite Plaintiff allegedly "refus[ing] to make payments" through him "repeatedly inform[ing]" SeedTrust that "both babies were delivered vaginally, without a cesarean section," that "the surrogate mother's medical records contain obvious errors, therefore she does not meet the cesarean section compensation criteria," and that "the receipts were forged." *Id.* at 35. Plaintiff claimed that he was not refunded the corresponding amount—or the amount for the cesarean section rendered on the day of the birth. Plaintiff claimed that SeedTrust accordingly "failed to fulfill its responsibilities and obligations of fair and impartial supervision, review, and inspection." *Id.* Plaintiff alleges the following causes of action, specifically: (1) frauds and swindles, (2) crime of false documentation, (3) telecommunications fraud crimes, and (4) continuing criminal enterprise. *See id.* at 36. The plaintiff cited 18 U.S.C. § 1341, 18 U.S.C. 1343, 18 U.S.C. § 1349, 21 U.S.C. § 848, and 31 U.S.C. § 3729. In his civil cover sheet, he asserted that the Basis of Jurisdiction was "Federal Question," but he also denoted that the nature of the suit is "Other Contracts." ECF No. 1-1 at 2.

## ARGUMENT

This Honorable Court should: (1) dismiss Plaintiff's Complaint as against SeedTrust Escrow for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim; (2) find that Plaintiff is barred from requesting a trial by jury, and (3) find that Plaintiff is a vexatious litigant who is prohibited from filing any additional causes of action against SeedTrust without first being granted leave of court from this Court.

## I.   DISMISS FOR LACK OF PERSONAL JURISDICTION

As the plaintiff, Mr. Zhang bears the burden of demonstrating the requisite minimum contacts between SeedTrust Escrow and the District of Columbia to establish personal jurisdiction. *See Ballard v. Holinka*, 601 F.Supp. 2d 110, 117 (D.D.C. 2009). A plaintiff must plead specific facts providing a basis for personal jurisdiction. *See Moore v. Motz*, 437 F. Supp.2d 88, 91 (D.D.C. 2006) (citations omitted). "*Pro se* plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims." *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010) (citations omitted).

SeedTrust is not domiciled in the District of Columbia.[5] Accordingly, Mr. Zhang is required to demonstrate that SeedTrust falls within the District of Columbia's long-arm statute and that the exercise of personal jurisdiction comports with the requirements of due process. *See, e.g., generally Jackson v. Loews Washington Cinemas, Inc.*, 944 A.2d 1088 (D.C. 2008). Mr. Zhang fails to set forth any valid basis for establishing personal jurisdiction in the District of Columbia over SeedTrust Escrow. Indeed, no such basis exists.

The District of Columbia's long-arm statute follows the general and specific jurisdiction set forth in *Daimler AG v. Bauman,* 571 U.S. 117, 122 (2014). The District of Columbia's long-arm statute does not provide a basis for personal jurisdiction over SeedTrust Escrow. *See, e.g., id.*

---

[5] While Plaintiff referred to D.C. Code § 13-422 (Personal jurisdiction based upon enduring relationship) as a basis for establishing personal jurisdiction, this provision concerns where the respective defendant is located, not the plaintiff. Plaintiff's citation to D.C. Code § 13-422 is thus inappropriate because SeedTrust is not "domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia." *See, e.g.*, Exhibit A [Declaration of Jennifer Via] at ¶¶ 2-6.

### A.  Long-Arm Statute, Generally

While Plaintiff relied on D.C. Code § 13-423(a)(7)(E) (ECF No. 1 at 36), we note that none of the remaining provisions of D.C.'s long-arm statute would apply in relation to SeedTrust, even if Plaintiff had cited and argued under those provisions.

Specific jurisdiction requires a relationship between the defendant, the forum, and the underlying controversy in the litigation. *See Bristol-Myers Squibb Co. v. Superior Court of Cal. San Francisco Cty.*, 582 U.S. 255, 264 (2017); *Walden v. Fiore*, 571 U.S. 277, 291 (2014). Here, there is no such relationship. To be sure, Plaintiff's claims pertain to events and alleged events that would have only occurred in Texas (e.g., the birth, the medical care, the doctor's alleged falsification of medical records) and Florida (e.g., SeedTrust's alleged failure to investigate the validity of the hospital's receipts). *See, e.g.*, ECF No. 1 at 35, 37.

Additionally, general jurisdiction in the District of Columbia is established if the plaintiff can make a showing that SeedTrust Escrow is incorporated or has its principal place of business in the District of Columbia. SeedTrust Escrow is incorporated and has its principal place of business in Florida, not in the District of Columbia.[6] *See, e.g.*, Exhibit A [Declaration of Jennifer Via] at ¶ 2-4. Thus, general jurisdiction does not exist over SeedTrust.

### B.  Long-Arm Statute, As Alleged, and Due Process

The long-arm provision upon which Plaintiff relied was D.C. Code § 13-423(a)(7)(E).[7] However, this subparagraph only applies if the claim arises out of a marital or parent and child relationship in the District of Columbia. At no time has such a relationship existed between Plaintiff and SeedTrust (located in Florida); they were simply parties to a contract that was entered into while Plaintiff was a resident of New York. *See* Exhibit A [Declaration of Jennifer Via] at ¶ 8-

---

[6] *See also* Footnote 4, *supra*.
[7] *See also* Footnote 4, *supra*.

7

9; Exhibit B [Earnest Money Escrow Agreement]. The D.C. Superior Court already addressed and rejected Plaintiff's argument. *See, e.g.*, Exhibit H [D.C. Superior Court Docket] (dismissing on personal jurisdiction grounds when Plaintiff relied upon this provision of the D.C. long-arm statute).

In any event, this Court cannot exercise personal jurisdiction against SeedTrust here, as there is no basis consistent with the U.S. Constitution. To be sure, the exercise of personal jurisdiction over SeedTrust Escrow fails to comport with what due process requires.

Due process protects defendants from being "haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). To exercise personal jurisdiction over a defendant, due process requires that a respective defendant have sufficient "minimum contacts" with the forum (here, the District of Columbia) such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citation omitted). In assessing whether there are sufficient minimum contacts, the Court must look to following factors: (1) contact between the defendant and the forum (whether the contact resulted from purposeful availment and whether it was foreseeable that the defendant could be sued in the forum); (2) relatedness between this contact and the plaintiff's claim (i.e., whether the plaintiff's claim arose from the defendant's contact with the forum); and (3) if there is specific jurisdiction, whether jurisdiction be fair or reasonable under the circumstances. *See, e.g., Bristol-Myers Squibb Co. v. Superior Court of Cal. San Francisco Cty.*, 582 U.S. 255, 255-56 (2017); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Here, Plaintiff does not and cannot establish a relationship between SeedTrust, the District of Columbia, and the underlying controversy in this litigation. *See Bristol-Myers Squibb Co.*, 582 U.S. at 264; *Walden v. Fiore*, 571 U.S. 277, 291 (2014). And, in fact, the

D.C. Superior Court already determined that asserting personal jurisdiction over SeedTrust Escrow in relation to this subject matter does not comport with what due process requires. *See, e.g.*, Exhibit H [D.C. Superior Court Docket] (dismissing on personal jurisdiction grounds when a due process argument was made).

As to the first factor, SeedTrust Escrow did not engage in any voluntary action within the District of Columbia or foresee that it could be sued in the District of Columbia. At all times SeedTrust Escrow was fulfilling the contract it had with the plaintiff, the plaintiff lived in and/or held himself out to SeedTrust as living in New York, *see, e.g.*, Exhibit A [Declaration of Jennifer Via] at ¶ 9; Exhibit C1 [License Provided to SeedTrust for Purposes of Contracting]; Exhibit C2 [D.C. License] (showing issue date of March 18, 2025). In addition, records from Plaintiff's Citibank account which he submitted in the Superior Court action show that all payments made by Plaintiff to SeedTrust Escrow, LLC, and/or Tiny Sprouts were made while Plaintiff resided in New York; the period of such payments spanned from July 2023 to May 2024. *See* Exhibit A at 2; Exhibit D [Plaintiff's Citibank Record Submitted by Plaintiff in D.C. Superior Court Case]. Moreover, the surrogate and the surrogate children received medical care, or treatment, exclusively outside of D.C. *See, e.g.*, ECF No. 4-1 at 14-15 (documenting that the births took place in Texas in early November 2024, at which time Plaintiff lived in New York). Further, at all relevant times, SeedTrust Escrow operated out of Florida. *See* Exhibit A [Declaration of Jennifer Via]. To put it simply, this factor supports a finding that personal jurisdiction is lacking.

As to the second factor, as discussed directly above and in the context of the District of Columbia's long-arm statute generally, no aspect of the plaintiff's claim(s) arises from any contact SeedTrust Escrow had with the District of Columbia. Indeed, the harm that Plaintiff alleged relates to events and alleged events that occurred long before Plaintiff's purported move to the District of

Columbia. *See, e.g.*, Exhibit C2 [D.C. License]; ECF No. 4-1 at 14-15 (documenting the births taking place in Texas in early November 2024, during which time Mr. Zhang lived in New York). To be sure, SeedTrust made no payments to the hospital or otherwise from Plaintiff's escrow account for any expenses incurred from the birth in November 2024 or after the birth. *See* Exhibit A [Declaration of Jennifer Via] at 2. And, all payments made by SeedTrust Escrow, LLC, in connection with the escrow agreement were requested prior to December 2024. *See id.* Thus, all disputed events can only have occurred while Plaintiff lived in New York. Accordingly, this factor weighs in favor of finding that personal jurisdiction is lacking.[8]

As to the third factor, even if there was specific jurisdiction, jurisdiction would not be fair or reasonable under the circumstances given the burden on SeedTrust Escrow and witnesses (each of which are located in Florida, California, or Texas, respectively), the lack of interest the District of Columbia has in providing a forum for contracts claims that have nothing to do with and do not involve contacts with the forum, and the plaintiff's lack of interest in bringing a claim in the forum, particularly when the plaintiff has already filed another case in New York against SeedTrust for similar allegations.

This case involves: (1) Plaintiff (who was a resident of **New York** throughout all of the events in this case before the lawsuit was filed); (2) SeedTrust Escrow, a company in **Florida**, who entered into an agreement and received payments from Plaintiff while he was in **New York**; (3) a surrogate mother (Ms. Dixon) who gave birth to two children in **Texas** (who were subsequently taken to **New York**); (4) Tiny Sprouts, located in **California**, who entered into a contract and received payments from Plaintiff while he was in **New York;** (5) the head of Tiny Sprouts, Bridget

---

[8] Recently, Judge Amit Mehta dismissed a related case brought by Mr. Zhang on the basis of personal and subject matter jurisdiction. In the memorandum opinion, the court referred to Mr. Zhang's claim as "clearly fantastic, delusional, and 'essentially fictitious.'" *Zhang v. Hotel Fortune*, Civil No. 25-cv-002016 (D.D.C.), ECF. No. 39 at 3. The same is true for this case.

deZeeuw, who has resided in and operated out of **California**; (6) Casey A. Leamon, MD, the doctor who provided care to Ms. Dixon in **Texas** during the birth of the surrogate children); and (7) Ascension Providence Hospital, which provided care to Ms. Dixon in **Texas** during the birth of the surrogate children. There simply is no nexus with the District of Columbia (other than Plaintiff's decision to move here in 2025, long after the birth of the children and the performance of the contract(s) at issue).

Plaintiff should not be permitted to drag SeedTrust into this Court when the claims pertain to events and alleged events that would have only occurred in Texas (the birth, the medical care, the doctor's alleged falsification of medical records) and Florida (SeedTrust's relationship with Plaintiff when he was in New York). Plaintiff's decision to move to D.C. after the alleged harm occurred does not magically create jurisdiction over SeedTrust.

In light of the above, the Court should dismiss the Complaint against SeedTrust Escrow for lack of personal jurisdiction.

### C. Plaintiff is Barred from Bringing a Suit in D.C. Per Forum Selection Clause

As stated in Paragraph 10 of the Earnest Money Escrow Agreement (Exhibit B), venue and jurisdiction is submitted to the venue and jurisdiction identified in the Surrogacy Agreement, which is California. *See, e.g.*, ECF No. 4-1 at 61. Accordingly, Plaintiff is barred from filing a claim in this Court.

## II.  DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff cannot and does not establish that subject matter jurisdiction exists in this case.

Plaintiff brings his suit under federal question jurisdiction. *See* ECF No. 2 at 3; ECF No. 1-1 at 1. For there to be federal question jurisdiction, the plaintiff has the burden of establishing that his complaint "arises under federal law." Here, Plaintiff asserts claims against SeedTrust pursuant

to 18 U.S.C. § 1341, 18 U.S.C. 1343, 18 U.S.C. § 1349, 21 U.S.C. § 848, and 31 U.S.C. § 3729. ECF No. 1 at 36-40. None of these claims can be asserted here.

First and foremost, we dispute the underlying factual allegations. In any event, the first four provisions are criminal charges that can only be brought by the U.S. government. The fifth provision is a civil cause of action that only imposes liability where someone has defrauded the U.S. government, which is not being alleged here, and can only be brought by or on behalf of the U.S. government. It is, therefore, readily apparent that no subject matter jurisdiction for any of Plaintiff's claims against SeedTrust exist here.

Moreover, to the extent it could be said that Plaintiff raised a contract claim, he does not plead any contract claim that arises under federal law to where it can be said there is subject matter jurisdiction. In fact, he cannot and has not meaningfully asserted any contractual cause of action because none exists, as is clear from the contract itself. *See e* Section III *infra*; Exhibit B [Earnest Money Escrow Agreement].

This Court should likewise decline to extend supplemental jurisdiction given that this case is simply an attempt to have another bite at the apple. He had the opportunity to appeal the Superior Court's decision, seek to amend his complaint to attempt to raise a stronger contract argument under state law, and/or bring a case in a jurisdiction that is actually appropriate, but he declined/failed to do so. *See, e.g.*, Background, *supra*, at ¶ 10; Exhibit H [D.C. Superior Court Docket].

In light of the above, the Court should dismiss the Complaint against SeedTrust Escrow for lack of subject matter jurisdiction.

12

**III. DISMISS FOR FAILURE TO STATE A CLAIM**

This Court should dismiss the Complaint against SeedTrust Escrow with prejudice for the failure to state a claim against SeedTrust Escrow.

A Rule 12(b)(6) motion should be granted where a court concludes that the allegations in the plaintiff's complaint "could not raise a claim of entitlement to relief." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Moreover, the Federal Rules require that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That requirement is designed to permit the Court to distill the essence of the plaintiff's allegations and to offer the defendant an opportunity to prepare sufficient responses. *See Acon-Chen v. Buttigieg*, No. 24-cv-1529-RDM, 2024 WL 4416943, at *2 (D.D.C. Oct. 5, 2024) (citing *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)). Complaints that "contain[] an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues,  and personal comments," violate the plain-statement requirement. *Bell v. District of Columbia*, No. 23-cv-2036-RC, 2024 WL 2846770, at *8 (D.D.C. June 5, 2024) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)). These principles apply to pro se and represented parties alike. *Id.* Moreover, a complaint should be dismissed if it, for instance, tenders "naked assertions devoid of further factual enhancement." *Poola v. Howard Univ.*, 147 A.3d 267, 276 (D.C. 2016) (internal citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see id.* (internal citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and then quoting *Comer v. Wells Fargo Bank, N.A.*, 108 A.3d 364, 371 (D.C. 2015)) ("[A] complaint must plead 'enough facts to state a claim to relief that is plausible on its face,' i.e.,

13

'factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged.'").

Plaintiff relies on causes of action that unequivocally do not apply to SeedTrust, alleges facts that do not relate to SeedTrust, and relies on conclusory statements to feign a cause of action against SeedTrust. The Complaint is insufficiently pled to adequately put SeedTrust on notice about the claims against which it must defend. Indeed, even preparing the instant submission was problematic, as SeedTrust Escrow struggled to decipher how the claims made in the Complaint pertained to SeedTrust Escrow as opposed to another party or regarding a possible cause of action.

In addition to the non-applicable and inadequately pleaded criminal causes of action alleged in his Complaint, Mr. Zhang alleges a claim under the False Claims Act (31 U.S.C. § 3729) and notes in his civil cover sheet that the nature of this suit is "Other Contracts." None of the causes of action raised by Plaintiff are well-pleaded or even applicable. As already mentioned, Plaintiff cannot employ any of the cited criminal statutes against SeedTrust, a False Claims Act claim only imposes liability where someone has defrauded the U.S. government, which is not being alleged here, and can only be brought by the U.S. government, and, to the extent it could be said that Plaintiff raised a contract claim, he does not adequately plead one.

Given that each of the provisions of the U.S. Code cited by Plaintiff is indisputably inapplicable and inadequately pleaded, we will focus our discussion on the "Other Contracts" aspect of the Complaint.

Even if the Court takes Plaintiff's factual allegations as true, Mr. Zhang failed to provide what is minimally required to allege a claim for a breach of contract or any other similar claim. Indeed, Mr. Zhang failed to lay out the terms of the contract that are at issue or explain the nature of SeedTrust Escrow's alleged failure to comply with the contract. *Cf. Francis v. Rehman*, 110

14

A.3d 615 (D.C. 2015) (providing that a plaintiff explaining the terms of the contract and the nature of the defendant's breach is usually enough).

## IV. PLAINTIFF REQUESTS INAPPLICABLE DAMAGES

Plaintiff improperly requests damages pursuant to 18 U.S.C. § 3663.

To put it simply, 18 U.S.C. § 3663 only applies in certain criminal actions brought by the government. Accordingly, it does not apply here.

## V.  PLAINTIFF IS BARRED FROM REQUESTING A TRIAL BY JURY

Plaintiff included a jury demand in his complaint. However, Plaintiff is barred from doing so under the terms of his escrow agreement with SeedTrust Escrow.

Paragraph 11 of Plaintiff's Earnest Money Escrow Agreement with SeedTrust Escrow (Exhibit B) specifically provides as follows:

> 11.  Waiver of Trial By Jury: EACH PARTY ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY WHICH MAY ARISE UNDER OR IN CONNECTION TO THIS AGREEMENT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES AND, THEREFORE, EACH SUCH PARTY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LEGAL ACTION, DEFENSE OR CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY. EACH PARTY TO THIS AGREEMENT CERTIFIES AND ACKNOWLEDGES THAT (A) NO REPRESENTATIVE OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT SEEK TO ENFORCE THE FOREGOING WAIVER IN THE EVENT OF A LEGAL ACTION,(B) SUCH PARTY HAS CONSIDERED THE IMPLICATIONS OF THIS WAIVER, (C) SUCH PARTY MAKES THIS WAIVER VOLUNTARILY, AND (D) SUCH PARTY HAS BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

Plaintiff's ability to lodge a jury demand is precluded by his Earnest Money Escrow Agreement with SeedTrust, as he specifically waived any right he may have had to a trial by jury. *See* Exhibit B [Earnest Money Escrow Agreement] at Paragraph 11.

In his Superior Court case, the court granted SeedTrust's motion to strike Plaintiff's request for a jury demand, concluding in relevant part that Plaintiff waived his right to a jury trial in the earnest money escrow agreement he signed. The Court rejected Plaintiff's argument that he was unaware of the waiver.  As Superior Court Judge Oler found:

> The agreement contains a clear and unequivocal waiver of the right to a jury trial for any claims arising out of or related to the agreement. Although Plaintiff claims he was unaware of this provision, this argument is unavailing. *Hollywood Credit Clothing Co. v. Gibson*, 188 A.2d 348, 349 (D.C. 1963) (noting that "one who signs a contract has a duty to read it and is obligated according to its terms."). In *Williamson v. St. Martin's Apartments, L.P.,* 234 A.3d 187 (D.C. 2020), the D.C. Court of Appeals affirmed it is well-established that the right to a jury trial may be waived, and that such a waiver need not be "knowing and intelligent" to be effective. *Id.* at 191. The Court further clarified that the right to a jury trial may be waived through the mere failure to comply with reasonable procedural rules, even if that failure is unintentional. *Id*. In this case, Plaintiff voluntarily entered into the earnest money escrow agreement, which clearly waived his right to a jury trial.

*See* Exhibit G at 4-5. If this Court denies other elements of this Motion to Dismiss and allows Plaintiff's claims to proceed, the jury demand cannot stand. Plaintiff has already litigated this exact issue for this exact contract and is likewise barred from seeking a jury trial here. *See, e.g.*, Exhibit G [March 10, 2026 Order]. If the case is not dismissed pursuant to this Motion, Plaintiff's jury demand must be stricken.

## VI. THIS COURT SHOULD DEEM THE PLAINTIFF A VEXATIOUS LITIGANT

This Court should find that Mr. Zhang is a vexatious litigant and prohibit him from bringing any action against SeedTrust, its agents, or its employees in any federal court without first being granted leave of court from this Court.

In the D.C. Circuit, to determine whether a plaintiff is a vexatious litigant, a court must "look to both the number and content of the filings as indicia of frivolousness or harassment" and

must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Duru v. Mitchell*, 289 F. Supp. 3d 112, 117 (D.D.C. 2018) (quoting *In re Powell*, 851 F.2d 427, 434 (D.C. Cir. 1988)).

Here, Mr. Zhang has filed three different lawsuits against SeedTrust Escrow within the past year—one in New York state court (*Zhang v. Family Solutions Int'l*, No. CV-010713-24/QU (N.Y. Filed May 22, 2024)), one in D.C. Superior Court (*Zhang v. Dixon*, No. 2025-SCB-002137 (D.C. Super. Ct. Filed Nov. 17, 2025)), and the instant case.

To start, by his own words, Plaintiff filed a Complaint in this Court because of the defendant's "attitude." ECF No. 1 at 10. In his Superior Court matter against SeedTrust, it was a common theme for Plaintiff to threaten the parties with arbitrary legal recourse, including filing cases against the defendants in other jurisdictions, if they did not succumb to his nonsensical demands. The filing of the instant case is his threat realized. In fact, his threat to file a federal case in D.C. immediately followed the D.C. Superior Court's dismissal of his complaint.

Plaintiff engaged in other harassing and frivolous conduct against SeedTrust in the D.C. Superior Court case. As described herein, two different Superior Court judges determined that Plaintiff's respective positions in the case were entirely meritless. In denying Plaintiff's request for a jury demand and to amend his Complaint, the court noted that Plaintiff's request to amend his Complaint by adding criminal charges was "futile."[9] Exhibit G [March 10, 2026 Order]. A separate judge subsequently dismissed the Plaintiff's case against SeedTrust and the other defendants. *See* Exhibit H [D.C. Superior Court Docket]. The oral ruling echoed the rulings of the other respective D.C. judges who have likewise found Plaintiff's submissions frivolous. *See, e.g.,*

---

[9] Of note, Plaintiff claims some of the same criminal charges in the instant case. To be sure, in addition to what was in the Complaint, Plaintiff attempted to allege as causes of action violations of 18 U.S.C. § 371, 18 U.S.C. 1341, 18 U.S.C. § 1349, and 21 U.S.C. § 848 across two supplemental filings.

17

Exhibit G [March 10, 2026 Order]; *Zhang v. Hotel Fortune*, Civil No. 25-cv-002016 (D.D.C.), ECF. No. 39 at 3. Of additional note, the granting of our motion to dismiss came after the court gave Plaintiff ample opportunity to provide specific evidence to support his jurisdictional claims or otherwise (through submissions and oral argument at two different hearings). *See* Exhibit H [D.C. Superior Court Docket]. But Plaintiff wasted the court's and the defendants' time and resources by ultimately coming to the court empty-handed since the evidence did not exist. *See id.* To be sure, the court specifically stated at an April 15, 2026 hearing that it was providing Plaintiff the opportunity to supplement in writing (to be further addressed at a subsequent motions hearing) and wanted him to submit any other evidence to prove personal jurisdiction. But, at the May 14, 2026 hearing on the motion to dismiss, the Court found that "Plaintiff has not filed any proof since that last hearing proving he lived in the district prior to March 2025." *Id.*

Plaintiff also filed several submissions, many virtually back-to-back, in D.C. Superior Court against SeedTrust—each frivolous, untimely, and fictional. In filing his submissions, Plaintiff also routinely disregarded court orders and pleading practices. For instance, Plaintiff filed at least two submissions seeking to amend his complaint and an additional submission asking for a jury trial—all of which were submitted a couple of days apart and weeks after the initial appearance. *See* Exhibit H [D.C. Superior Court Docket]. And, as already discussed, Plaintiff's jury demand was directly barred by his contract with SeedTrust.

The same can be said for the instant case, where Plaintiff has filed at least two substantive submissions after the complaint was filed and before SeedTrust has substantively responded. See ECF No. 4; ECF No. 8. Again, each submission is not only inconsistent with pleading practices or court procedures, but they rely on fiction and frivolity.

In *Zhang v. Family Solutions Int'l*, No. CV-010713-24/QU (N.Y.), a case that has been dragged out since on or around May 2025, the Plaintiff's claims are likewise frivolous. *See* Exhibit J1 [Complaint in New York Case]. Moreover, consistent with other cases, Plaintiff has threatened filing a case in D.C. federal court against SeedTrust if it fails to settle consistent with his preferred terms. *See* Exhibit J2 [Email Communication from Mr. Zhang to SeedTrust].

Since purportedly moving to D.C. last year, Plaintiff has filed five different cases in D.C.—two of which the court dismissed for lack of personal jurisdiction[10]—and, as aforementioned, has threatened to file a case based on the facts in the New York case in the U.S. District Court for the District of Columbia. *See* Exhibit J2 [Email Communication from Mr. Zhang to SeedTrust]. It is clear that Plaintiff lacks regard for proper procedure and has ignored the fact that jurisdiction against SeedTrust and similar defendants is not proper in D.C.

To put it simply, Plaintiff has filed numerous similar frivolous complaints against SeedTrust, his previous submissions were adjudicated as frivolous and completely lacking of substantive allegations, it appears by his own words and actions that Plaintiff is attempting to harass SeedTrust, and, at this point, the administration of justice has been so impeded as to require a vexatious litigant injunction. *See Duru*, 289 F. Supp. 3d at 117 (citing *In re Powell*, 851 F.2d 427, 434 (D.C. Cir. 1988)).

This pattern of behavior is unfortunately not unique to SeedTrust. As already mentioned, Judge Mehta was highly critical of Plaintiff's claims in *Zhang v. Hotel Fortune*, Civil No. 25-cv-002016 (D.D.C.), ECF. No. 39, finding his submissions unfounded. Similarly, in *Zhang v. Citizen Bank*, 2024 SCB 002445 (D.C.), the court entered a default judgment for $0.00 even when the

---

[10] Judge Mehta dismissed the case for lack of personal and subject matter jurisdiction and referred to Mr. Zhang's claims as "clearly fantastic, delusional, and 'essentially fictitious.'" *Zhang v. Hotel Fortune*, Civil No. 25-cv-002016 (D.D.C.), ECF. No. 39 at 3.

defendant failed to appear at both the initial hearing and the hearing on the entry of default. *See* Exhibit I1; Exhibit I2. Despite the fact that the defendant never appeared in the proceeding to contest representations or evidence and the fact that the court heard evidence from Mr. Zhang, the court determined that Mr. Zhang did not meet his burden of proving the terms of the Parties' agreement to prove he was entitled to the $2,482.37 that he requested, even noting, among other things, that Mr. Zhang "admitted" that he did not have evidence to support his argument. Exhibit I2 at 4-6. This is similar to what happened in the case before the D.C. Superior Court against SeedTrust, as discussed above, when the Court held on May 14, 2026 that "Plaintiff has not filed any proof since that last hearing proving he lived in the district prior to March 2025." Exhibit H [D.C. Superior Court Docket].

In light of the above, the requested relief is appropriate.

## CONCLUSION

In light of the above and any other reasons this Court may find, this Honorable Court should: (1) dismiss Plaintiff's Complaint as against SeedTrust Escrow for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim; (2) find that Plaintiff is barred from requesting a trial by jury, and (3) find that Plaintiff is a vexatious litigant who is prohibited from bringing any action against SeedTrust, its agents, or its employees in any federal court without first being granted leave of court from this Court.

20

Respectfully submitted,

*/s/ Amy C. Collins*
Amy C. Collins
D.C. Bar No. 1708316
William P. McGrath, Jr.
D.C. Bar No. 422160
Kalbian Hagerty LLP
888 17th Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 223-5600
acollins@kalbianhagerty.com
wmcgrath@kalbianhagerty.com
*Counsel for SeedTrust Escrow, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of June 2026, I electronically filed the foregoing

Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send an

electronic copy to all parties in this matter. In addition, a copy was served by email on *pro se*

parties:

Plaintiff Guangli Zhang – zhguli698@gmail.com

/s/ Amy C. Collins
Amy C. Collins
D.C. Bar No. 1708316
William P. McGrath, Jr.
D.C. Bar No. 422160
Kalbian Hagerty LLP
888 17th Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 223-5600
acollins@kalbianhagerty.com
wmcgrath@kalbianhagerty.com
*Counsel for SeedTrust Escrow, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GUANGLI ZHANG,** | ) |
| *Plaintiff*, | ) |
| **v.** | ) |
| | )     **Case No. 1:26-cv-01689-JEB** |
| **LEKESIA LAVETTE DIXON, ET AL.,** | ) |
| *Defendants*. | ) |

## PROPOSED ORDER

Upon consideration of SeedTrust Escrow's Motion to Dismiss and Memorandum of Points and Authorities in Support thereof, I hereby,

**ORDER**, that SeedTrust Escrow's Motion is GRANTED, and I hereby,

**FURTHER ORDER**, that Mr. Zhang is deemed a vexatious litigant who is enjoined from bringing any action against SeedTrust, its agents, or its employees in any federal court without first obtaining leave of this Court and who must submit with any request for permission a sworn affidavit or declaration that his complaint raises a new issue not previously raised by Plaintiff in a state or federal court, that his claim is well-grounded in fact and law and not frivolous, and that he will comply with applicable rules in prosecuting his complaint.

_____              _____

**DATE**                                       **JAMES E. BOASBERG**
                                               **CHIEF UNITED STATES DISTRICT JUDGE**