# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

GUANGLI ZHANG                                        Civil Case No.  1:26-cv-01689-JEB

**Plaintiffs,**

**V**

**Lekesia Lavette Dixon, et. al.**

**Defendants**

**The plaintiff received a response from the defendant, Seed Trust Escrow (Inc), at approximately 9:00 PM on June 19, 2026, and objected to it.**

The defendant's response was complex, disorganized, and incoherent. Furthermore, they cited irrelevant and incomparable cases, intending to confuse and mislead the court. However, the defendant indirectly admitted to engaging in ongoing criminal activity. Furthermore, the defendant openly disregarded the U.S. Constitution and federal laws and regulations.

 I. This court has full jurisdiction over this case.
  1. There is sufficient legal basis to support this court's jurisdiction over this case.

  **DC Long-arm status:**

  (1). Code of the District of Columbia§ 13–423. Personal jurisdiction based upon conduct.
  (2). Code of the District of Columbia §13–422. Personal jurisdiction based upon enduring relationship.

The plaintiff clearly stated in the complaint that this law applies to the plaintiff, not the defendant, the plaintiff is a resident of the District of Columbia. ( The evidence has been submitted to the court). Therefore, the court has no grounds to dismiss the plaintiff's claim.

All the laws and regulations cited in this case are federal laws and regulations; therefore, this court has full jurisdiction over this case.

**RECEIVED**

JUN 2 2 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

2. The plaintiff's escrow account was closed on October 30, 2025, indicating that the defendant completed the crime on that date. (See Evidence 17 for details)

The plaintiff moved to Washington, D.C. on February 24, 2025. The plaintiff's identification documents were approved by the District of Columbia government on March 18, 2025. (See Evidence 18 for details)

When the defendant finished committed the fraud, the plaintiff had been living in Washington, D.C. for several months.

according to:

18 U.S. Code § 3237 - Offenses begun in one district and completed in another

**(a)**

Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

**This court has full jurisdiction under this law.**

3. It has been proven that the dismissal of case number 1:25-cv-02016 was a serious error. It is currently being heard by the United States Court of Appeals for the Division of Columbia Circuit.  UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT Case Number 25-7177

4. Case No. 2024 SCB 002445 (D.C.)
A similar case was heard in Washington, D.C. The plaintiff resided in Washington, D.C., while the incident occurred in New York. The defendant （Seed Trust Escrow (Inc)） acknowledged the case. Although the defendant （Seed Trust Escrow (Inc)） distorted the facts of the case, the defendant （Seed Trust Escrow (Inc) indirectly admitted that the case should be heard in this court.

The defendant not only bears joint legal responsibility, but is also suspected of participating in fraud.

The above laws and cases demonstrate that this court has full jurisdiction over the case.

II.   This is a fact, and there is relevant evidence.

1. The plaintiff stated the defendant's criminal acts in the complaint and submitted relevant evidence. The defendants paid the plaintiff's funds to other defendants based solely on false receipts and unsubstantiated payments. The defendant failed to fulfill its responsibilities and obligations of fair and impartial supervision, review, and inspection.

2.   The New York State case number is CV-010713-24/QU, this demonstrates that the defendant is not only a repeat offender but also a habitual offender.
In a case in New York State, the defendant Seed Trust Escrow (Inc) similarly transferred the plaintiff's funds to other defendants in that case without any evidence.

III.   The defendant's response contained obvious contradictions.
The defendant initially claimed that the court had no jurisdiction over the case, and then requested the court to dismiss the jury and issue a verdict.

IV.   The court has no reason to dismiss the jury.
The defendant has committed serious contempt of the U.S. Constitution.

## Amendment VII

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.

The defendant blatantly deprived the plaintiff of the rights granted to him by the Constitution in the agreement.
This demonstrates that the defendant's actions constituted a premeditated and planned conspiracy to commit fraud, rather than dereliction of duty.

Furthermore, in the New York State case number CV-010713-24/QU fraud case, the plaintiff offered a friendly reminder or advice, which the defendant interpreted as a threat, clearly demonstrating the defendant's contempt for U.S. laws and regulations. The defendant even allegedly attempted to manipulate the U.S. judicial system.

**V.**  The court should investigate whether the defendant is connected to the baby kidnapping case.
The defendant repeatedly referred to cases of infant abduction. Although Case 25-7177 has been identified by the United States Court of Appeals for the Division of Columbia Circuit, the defendant (Seed Trust Escrow (Inc)) has been smearing the case. The defendant's repeated emphasis that the baby had not yet returned was both a threat and a mockery to the plaintiff.

**VI.**  Faced with the facts and irrefutable evidence, the defendant shows neither remorse nor any intention to repent. In court, the defendant has brazenly disparaged United States law. The Court and the federal government must hold the defendant criminally liable.

In conclusion, this court should adjudicate this case in accordance with the law, reject the defendant's defense, and hold the defendant criminally liable.

The plaintiff swears that the above statements are true.

Plaintiff: *Guang Li Zhang*

*6/22/2026*

## CERTIFICATE OF SERVICE

The aforementioned documents have been sent via email to acollins@kalbianhagerty.com \wmcgrath@kalbianhagerty.com to the defendant or their lawyer.

The plaintiff swears that the above statements are true.

Plaintiff: *Guang Li Zhang*

*6/22/2026*