**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GUANGLI ZHANG, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| | ) Case No. 1:26-cv-01689-JEB |
| LEKESIA LAVETTE DIXON, ET AL., | ) |
| *Defendants*. | ) |

**DEFENDANT SEEDTRUST ESCROW'S REPLY TO PLAINTIFF'S RESPONSE TO**
**SEEDTRUST ESCROW'S MOTION TO DISMISS**

Defendant SeedTrust Escrow, LLC ("SeedTrust Escrow" or "SeedTrust"), respectfully

submits this Reply to Plaintiff's Response to SeedTrust Escrow's Motion to Dismiss.

**DISCUSSION**

As a preliminary matter, we disagree with Plaintiff's characterization of our motion. For

instance, we deny that SeedTrust (1) made any admission to engaging in ongoing criminal activity,

(2) made any admission that the New York state case should be heard before this Court, or (3)

distorted any facts relating to the New York state case or otherwise.[1] To put it simply, Plaintiff's

frivolous characterizations only offer support for our requested relief, particularly as it relates to

our vexatious litigant argument.

Similarly, we disagree with Plaintiff's factual proffers in general. As an example,

Plaintiff's claim that "[i]t has been proven that the dismissal of Case No. 1:25-cv-02016 was a

serious error" is clearly fantastical. Indeed, Plaintiff appears to have mistaken his appeal of that

decision as somehow justifying his position.

---

[1] Notably, Plaintiff does not cite or quote any langage from SeedTrust's motion where the alleged admissions or representations were purportedly made by SeedTrust.

Even beyond what is mentioned above, Plaintiff's Response does not otherwise meaningfully add to the discourse. For example, Plaintiff cites yet another federal provision related to criminal law (18 U.S.C. § 3237) in an attempt to establish personal jurisdiction. However, the cited provision is clearly inapplicable. Throughout his Response, Plaintiff's arguments rely on criminal law claims and relief—claims and relief unavailable to him—further demonstrating the frivolousness of his Complaint. As another example, Plaintiff's reference to his account closure in October 2025 is irrelevant since the alleged harm occurred in November 2024 (while Plaintiff was still a resident of New York). Though, as already explained in our prior submission, SeedTrust did not engage in the purported harm that Plaintiff alleged in the Complaint. *See, e.g.*, Exhibit A [Declaration of Jennifer Via] (explaining that SeedTrust did not pay any invoice for any expenses incurred during the births in November 2024 or after the births).

As yet another example, Plaintiff inaccurately submitted that he is guaranteed the right to a jury in this matter. Plainly, he is not. Indeed, the D.C. Superior Court found that Plaintiff voluntarily waived his right to a jury trial as to a dispute of this sort with SeedTrust. *See* Exhibit G at 4 ("Plaintiff waived his right to a jury trial in the earnest money escrow agreement he signed. The agreement contains a clear and unequivocal waiver of the right to a jury trial for any claims arising out of or related to the agreement. Although Plaintiff claims he was unaware of this provision, this argument is unavailing."); *id.* 5 ("In this case, Plaintiff voluntarily entered into the earnest money escrow agreement, which clearly waived his right to a jury trial. Therefore, the Plaintiff is bound by the waiver and cannot now demand a jury trial."). There is no basis to deny the D.C. Superior Court's determination its full effect. Instead, considerations such as comity, federalism, and full faith and credit actually demand that the Superior Court's determination be given full effect. *See, e.g.*, *Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela, Ministerio*

*del Poder Popular para Relaciones Exteriores*, 87 F.4th 510, 519 (D.C. Cir. 2023) ("Preventing relitigation of issues already decided is the keystone of the full faith and credit obligation."); *U.S. Jaycees v. Superior Ct. of D.C.*, 491 F. Supp. 579, 582 (D.D.C. 1980) (("[T]he federal courts of the District of Columbia should depart from normal principles of comity only if unusual conditions exist.").

## CONCLUSION

The arguments in Plaintiff's Response are frivolous. And, his Complaint is frivolous. Plaintiff should not be permitted to drag SeedTrust into this Court when the claims pertain to events and alleged events that would have only occurred in Texas (the births, the medical care, the doctor's alleged falsification of medical records) and Florida (SeedTrust's relationship with Plaintiff when he was in New York), especially when a D.C. Superior Court Judge has already determined that there is no personal jurisdiction over SeedTrust in D.C. and a California forum selection clause is incorporated into the Earnest Money Escrow Agreement. *See, e.g.*, *Valores Mundiales, S.L.*, 87 F.4th at 519 (quoting *Durfee v. Duke*, 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963) ("[A] judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.")). Nor should Plaintiff be permitted to assert criminal charges or a claim under 31 U.S.C. § 3729—claims reserved for the Government, not a private citizen. Plaintiff has not met his respective burdens of establishing subject matter jurisdiction, demonstrating personal jurisdiction, or alleging a valid cause of action against SeedTrust. Accordingly, this Honorable Court should grant our requested relief.

3

Respectfully submitted,

*/s/ Amy C. Collins*
Amy C. Collins
D.C. Bar No. 1708316
William P. McGrath, Jr.
D.C. Bar No. 422160
Kalbian Hagerty LLP
888 17th Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 223-5600
acollins@kalbianhagerty.com
wmcgrath@kalbianhagerty.com
*Counsel for SeedTrust Escrow, LLC*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of June 2026, I electronically filed the foregoing Reply to Plaintiff's Response to SeedTrust Escrow's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send an electronic copy to all parties in this matter. In addition, a copy was served by email on pro se parties:

Plaintiff Guangli Zhang – zhguli698@gmail.com

/s/ Amy C. Collins
Amy C. Collins
D.C. Bar No. 1708316
William P. McGrath, Jr.
D.C. Bar No. 422160
Kalbian Hagerty LLP
888 17th Street, N.W., Suite 1200
Washington, D.C. 20006
(202) 223-5600
acollins@kalbianhagerty.com
wmcgrath@kalbianhagerty.com
*Counsel for SeedTrust Escrow, LLC*